UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CATHERINE LUCERO,

|  |  |  |
|---|---|---|
| | Plaintiff, | COMPLAINT |
| -against- | | 12-Cv-3099 (KBF) |

THE CITY OF NEW YORK, Police Officer JEFFREY
BALZOTTI, Shield No. 005131, Police Officer.
LEONARD ALTOBELLI, Shield No. 25344, and JOHN          Jury Trial Demanded
DOES 1 through 2, Individually, and in their official
capacities the names John Doe being fictitious, as the true
names are Presently unknown,

                                Defendants.
-------------------------------------------------------------------x

Plaintiff, CATHERINE LUCERO, by her attorney, EDWARD FRIEDMAN,

complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages

and attorney's fees pursuant to 42 U.S.§§ 1983 and 1988 for violation of the plaintiff's

civil rights, as said rights are secured by said statutes and the Constitution of the State of

New York and the United States.

## JURISDICTION

2.      The action is brought pursuant to 42 U.S.§§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. §1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R.Civ.P. 38(b).

## PARTIES

6.      Plaintiff  CATHERINE LUCERO is a legal resident of the United States and a resident of the State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable section of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the defendants, POLICE OFFICERS JEFFREY BALZOTTI, LEONARD ALTOBELLI and JOHN DOES 1 and  2 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with

2

the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.     Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On January 21, 2011 at approximately 6:05 A.M. plaintiff was  lawfully inside premises 2400 Cambreleng Avenue,  Bronx, New York.

14.     At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or probable cause approached plaintiff and arrested her for Disorderly Conduct and Resisting Arrest. Plaintiff  was  thereafter brought to a police precinct and finally appeared  before a Judge of the Bronx County Criminal Court where she was released on her own recognizance. Plaintiff was thereafter compelled to return to Court on numerous occasions as a result of the defendants' baseless allegations**.**

15.     As a result of the foregoing, plaintiff  sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

## FEDERAL CLAIMS
## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C.§1983)

16.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

18.     All of the aforementioned acts deprived plaintiff  of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C.§1983.

19.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

20.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

21.     Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

22.    As a result of the aforementioned conduct of defendants, plaintiff was injured.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest Under 42 U.S.C. §1983)

23.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

24.    The defendants unlawfully arrested the plaintiff against her will without probable cause.

25.    As a result of the foregoing, plaintiff was deprived of her Fourth and Fourteenth Amendment rights.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Municipal Liability Under 42 U.S.C. §1983)

26.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

28.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, detention

and use of excessive force against young Hispanic-Americans by the NYPD. In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the city of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

29. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

30. The foregoing customs, policies, usages practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

31. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

32. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was unlawfully stopped, seized, detained and incarcerated.

33. Defendants, collectively and individually, while acting under color of State law, were directly and actively involved in violating plaintiff's constitutional rights.

34.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

      A.     Not to  be deprived of liberty without due process of law;

      B.     To be free from false arrest, abuse of process, and malicious prosecution.

35.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

38.     The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

39.     The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

40.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

41.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A FOURTH  CAUSE OF ACTION
### (False Arrest Under the Laws of the State of New York)

42.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.    Plaintiff  was arrested and held against her will in police custody approximately thirty-six (36) hours.

44.    As a result of the aforementioned conduct, plaintiff  was unlawfully detained in violation of the laws of the State of New York.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Negligent Screening, Hiring and Retention Under the Laws of the State of New York)

45.    Plaintiff repeats,  reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.    Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

47.    Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

8

**AS AND FOR AN SIXTH CAUSE OF ACTION**
(Negligent Training and Supervision Under the Laws of the State of New York)

48.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Negligence Under the Laws of the State of New York)

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(*Respondeat Superior* Under the Laws of the State of New York)

52.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

54.     As a result of the foregoing, plaintiff  CATHERINE LUCERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

WHEREFORE, plaintiff demands judgment and pray for the following relief, jointly and severally, against the defendants:

A.     Full and fair compensatory damages in an amount to be determined by a jury;

B.     Punitive damages in an amount to be determined by a jury;

C.     Reasonable attorney's fees and the costs and disbursements of this action; and

D.     Such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
          April 16, 2012


                                        s/_____
                                        EDWARD FRIEDMAN (EDF 4000)
                                        Attorney for Plaintiff

                                        26 Court Street – Suite 1903
                                        Brooklyn, New York  11242
                                        (718) 852-8849